*Chittenden,*
*December,*
*1825.*

UZAL PIERSON, defendant below, *vs.* JOHN BOSTON, plaintiff be-
low.—*IN ERROR.*

The office of the clerk or prothonotary of a foreign Court, (without the United States,) must be
verified by the certificate of the Chief Judge or Justice of such Court, in order to make his authen-
cation of a record admissible, as evidence in the Courts of this state.

Certificates of the prothonotaries of the Court of King's Bench in Canada, of the taxation of costs
and disbursements, by an attorney in a suit before said Court, are not evidence in the Courts of
this state.

*Boston* brought his action of *assumpsit* before the County
Court, for certain services and disbursements, as the attorney
of Pierson in two suits in the Court of King's Bench, in Mont-
real. The evidence offered in support of the action was an ex-
emplification of the record in each action, certified by the pro-
thonotaries of that Court; and a bill of fees and disbursements,
with a certificate of the same prothonotaries, that the services
were performed, and the disbursements made as charged; which
were admitted by the Court. And the question arising upon
this writ of error was, upon the admissibility of that evidence.

*Thompson,* for the defendant in error, contended that, in as
much as these services were performed before an English Court,
and under English laws and regulations, the same evidence
which would support the action in Canada or England, will sup-
port it here. All that is necessary there, is the record showing
the existence of the suit in which the services are performed,
&c. and the taxation of the bill. This is conclusive, not only
as to the right of recovery, but also as to the reasonableness of
the charges.—*Doug.* 188. 1 *Esp. Dig.* 29.

The records and bills having been certified by the proper offi-
cers of the Court, are not only proper, but conclusive of the
right to recover.

At all events, whether the evidence was conclusive or not, it
was proper evidence, to go to the jury in support of the decla-
ration, and the Court cannot now judge upon the sufficiency, nor
does it appear from the record, nor will the Court presume that
this was the only evidence given.

*Adams,* for the plaintiff in error, was stopped by the Court,
and their opinion pronounced by

HUTCHINSON, J. The errors assigned in this case consist of
the admission by the County Court, of the certificates of the
prothonotaries of the King's Bench, in Canada, of the taxation
of two bills of cost, as evidence of the plaintiff's right to recover,
and as evidence in *assumpsit,* that plaintiff, Boston, did the ser-
vices. It is objected by the plaintiff in error, that these certifi-
cates are not evidence: that they verify no matter of record,
and are not testimony under oath. The defendant in error
contends, that the certificates, accompanied with an exemplifi-
cation of the record of the actions in which the services were
done, was proper and conclusive evidence for the plaintiff, Bos-

ton—even conclusive as to the amount; and, at all events, was proper for the jury to weigh, and was properly admitted : that, the services being done in Canada, the same evidence that would be good there, must be good here; and that they would be good and conclusive there, he cites *Doug.* 188, 1 *Esp. Dig.* 29.

*Chittenden, December, 1825.*

*Pierson vs. Boston*

This argument supposes a confidence in the acts and certificates of the officers of a foreign government, which is not conceded by our Courts, nor by the Courts of England. So far as the papers offered, are to be treated as transcripts of record, the persons who certify must be supported by the certificate of the Chief Judge of the Court. Here there is no such certificate. But the bills of cost certified, do not appear to be transcripts of record; but certified taxations, such as might be originals. There can be no evidence here—they are without oath. They are neither depositions nor transcripts of record. They might be treated as authentick by the Courts in Canada, being certified by their own officers. But such documents, carried from our certifying officers, would not be treated as authentick there, nor ought they to be so treated.

The judgment of the County Court, in admitting said evidence, is erroneous. It is, therefore, reversed, and the cause sent to the County Court, for a new trial.

*Charles Adams*, attorney for the plaintiff in error.

*John C. Thompson*, attorney for the defendant in error.

NOTE. In the record of the County Court, the original papers offered in evidence on the trial, and objected to, were merely referred to, as constituting a part of the record, and on the hearing, were brought into Court by the attorney.

The Court expressed a deep sense of the impropriety of such a loose and irregular practice; but, on the whole, consented to receive them as a part of the record, for this once.